**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| | : **Civil Action No.:** |
| DANA REEVES, on behalf of herself and | : |
| others similarly situated, | : |
| | : **COMPLAINT--CLASS ACTION** |
| Plaintiff, | : |
| | : |
| v. | : **JURY TRIAL DEMANDED** |
| | : |
| PATENAUDE & FELIX, A.P.C., | : |
| | : |
| Defendant. | : |
| | : |

**Nature of Action**

1.      This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., for the benefit of Michigan consumers who have been the subject of debt collection efforts by Patenaude & Felix, A.P.C. ("Defendant").

2.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.      Nearly half of the debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers did not owe.[2]

5.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights with respect to those debts. 15 U.S.C. § 1692g(a).

6.      A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7.      As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8.      Indeed, the aim of § 1692g is to provide a period for the recipient of a collection letter to understand and consider her options.

---

[1]      *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited April 20, 2020).

[2]      *See* Bureau of Consumer Financial Protection, *Fair Debt Collection Practices Act — CFPB Annual Report 2020* at 14 (2020), https://files.consumerfinance.gov/f/documents/cfpb_fdcpa_annual-report-congress_03-2020.pdf (last visited April 20, 2020).

9.     A debt collector does not comply with section 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

10.     To be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) ("A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.").

11.     This case centers on Defendant's failure to effectively provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to consumers, or within five days thereafter.

**Parties**

12.     Dana Reeves ("Plaintiff") is a natural person who at all relevant times resided in Novi, Michigan.

13.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

14.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal charges incurred on a Target credit card debt (the "Debt").

15.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16.     Defendant is a professional law corporation with its principal office in San Diego County, California.

17.     Defendant's website notes that it is "currently litigating and collecting for our clients in all seven states. Our firm has been recognized by numerous creditors, Fortune 500 Companies and collection organizations for our professional and ethical representation."[3]

18.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19.     Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

20.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.     Defendant held itself out to Plaintiff as a debt collector in its written communication to her.

22.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Jurisdiction and Venue**

23.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

24.     Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this district.

**Factual Allegations**

25.     On September 23, 2019, Plaintiff made a payment to Target Card Services, Inc. of $25.

---

[3]     *See* http://www.pandf.us/ (last visited April 20, 2020).

26.     On that same day, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

27.     A true and correct copy of the September 23, 2019 communication to Plaintiff is attached as Exhibit A.

28.     The September 23, 2019 communication to Plaintiff was the first communication Plaintiff received from Defendant.

29.     Plaintiff did not receive any other communication from Defendant within five days of the September 23, 2019 communication.

30.     The subject line of the September 23, 2019 communication read:

RE:     Our client            TD Bank USA, N.A. / Target Credit Card
        Account ID Number   0004865XXXX
        Total Due:          $4,074.60
        Minimum Due:        $724.00
        Due Date:           10/16/2019

*Id.*

31.     The September 23, 2019 communication then stated: "Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding loan balance to our client." *Id.*

32.     The September 23, 2019 communication continued:

Because of interest, late charges, and other charges the amount due on the day you pay may be greater. Please call our office to get an exact payoff amount. In the event that an adjustment is necessary after we receive your payment, we will inform you prior to depositing your payment. You can contact our office at (866) 606-3290 ext. 8900.

*Id.*

33.     The second paragraph of the September 23, 2019 communication advised Plaintiff:

5

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id*.

34.     The September 23, 2019 communication concluded by advising Plaintiff that "[t]his is an attempt to collect a debt and any information will be used for that purpose." *Id*.

## Class Action Allegations

35.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

All persons (a) with a Michigan address, (b) to whom Patenaude & Felix, A.P.C. mailed an initial debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) which included a due date for a minimum payment amount that was within 30 days of the date of the initial debt collection communication.

36.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

37.     The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

38.     The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

39.     The class is ascertainable because it is defined by reference to objective criteria.

40.     In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

41.     The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

42.     To be sure, Plaintiff's claims and those of the members of the class originate from the same standardized initial debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class.

43.     Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

44.     Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

45.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

46.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

47.     There will be no unusual difficulty in the management of this action as a class action.

48.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

49.     Among the issues of law and fact common to the class are:

   a.  Defendant's violations of the FDCPA as alleged herein;

      b.   whether Defendant is a debt collector as defined by the FDCPA;

      c.   the availability of statutory penalties; and

      d.   the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b)**

50.     Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 49 above.

51.     The FDCPA at 15 U.S.C. § 1692g(a) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

52.     The FDCPA at 15 U.S.C. § 1692g(b) provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not

otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

53.     The manner in which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g(a) was ineffective, as it was inconsistent with, and overshadowed and contradicted, the statutory notice.

54.     In the alternative, Defendant, through its communication, failed to explain an apparent, though not actual, contradiction that its letter creates regarding statutorily-mandated disclosures that Defendant was required to provide to Plaintiff.

55.     Specifically, while Defendant included the validation notice required by 15 U.S.C. § 1692g(a) with the appropriate thirty-day time period for disputing the debt or requesting creditor information, in that same communication, Defendant advised Plaintiff that payment was due by October 16, 2019—a time period less than 30 days from Plaintiff's receipt of the September 23, 2019 letter. *See* Ex. A.

56.     As a result, the unsophisticated consumer, upon receiving Defendant's September 23, 2019 letter, would be confused as to whether she (a) had the full thirty-day period from her receipt of the letter to invoke her validation rights, (b) needed to pay $4,074 by October 16, 2019—just 23 days from the date of the letter, or (c) needed to pay $724 by October 16, 2019—again just 23 days from the date of the letter—while paying the remaining balance at some later date.

57.     In sum, the effect of Defendant's demand for payment within 30 days was to cause a consumer like Plaintiff to waive, or believe she did not have, the validation rights specifically afforded her under 15 U.S.C. § 1692g.

58.     As a result, Defendant violated 15 U.S.C. § 1692g(b).

59.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily-mandated disclosures to which she was entitled.

60.     Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

61.     And the content of Defendant's September 23, 2019 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 757-58 (6th Cir. 2018).

62.     Specifically, when a consumer is informed on the one hand that she must pay money in less than 30 days, while on the other hand, that she can contest the debt or request creditor information within 30 days, she is left unsure as to the time period with which she must comply.

63.     And here, Plaintiff suffered the very confusion and paralysis by analysis that the statue was designed to prevent.

64.     Indeed, Plaintiff was unsure upon receiving the September 23, 2019 communication as to whether she had thirty days to invoke her validation rights, in light of the language telling her a minimum payment was due by October 16, 2019.

65.     Unable to come up with either $724 or $4,074 by October 16, 2019, and unclear as to her validation rights in light of the October 16, 2019 payment deadline, she did what many consumers would do in the face of the contradictory language in Defendant's collection letter—took no action—allowing the validation period to lapse, even though she was unsure whether the amounts in the letter accounted for the $25 payment she had just made to Target Card Services, Inc.

66.     In essence, the net effect of the overshadowing language in Defendant's September 23, 2019 communication was to turn the validation notice into legal gibberish.

67.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm.

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

68.     Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 49 above.

69.     The FDCPA at 15 U.S.C. § 1692e demands that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

70.     But here, while Defendant included the validation notice required by 15 U.S.C. § 1692g(a) with the appropriate thirty-day time period for disputing the debt or requesting creditor information, it simultaneously advised Plaintiff that payment was due by October 16, 2019—a time period less than 30 days from Plaintiff's receipt of the September 23, 2019 letter. *See* Ex. A.

71.     As a result, the unsophisticated consumer, upon receiving Defendant's September 23, 2019 letter, would be confused as to whether she (a) had the full thirty-day period from her receipt of the letter to invoke her validation rights, (b) needed to pay $4,074 by October 16,

2019—just 23 days from the date of the letter, or (c) needed to pay $724 by October 16, 2019—again just 23 days from the date of the letter—while paying the remaining balance at some later date.

72.     By directing Plaintiff to make payment prior to the expiration of the validation period, without explaining how that payment request coexisted with her validation rights throughout the entirety of the mandatory 30-day validation window, Defendant created confusion with regard to information it was required by law to disclose to Plaintiff concerning her validation rights.

73.     As a result, Defendant used a deceptive and misleading representation in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

74.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and gave her misleading and deceptive representations concerning her alleged debt.

75.     Indeed, the content of Defendant's September 23, 2019 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

76.     Specifically, when a consumer is informed on the one hand that she must pay money in less than 30 days, but, also that she can contest the debt or request creditor information within 30 days, she is left unsure as to the time period with which she must comply.

77.     And here, Plaintiff suffered the very confusion and paralysis by analysis that the statue was designed to prevent.

78.     Indeed, Plaintiff was unsure upon receiving the September 23, 2019 as to whether she had thirty days to invoke her validation rights, in light of the language telling her a minimum payment was due by October 16, 2019.

79.     Unable to come up with either $724 or $4,074 by October 16, 2019, unsure as to which of those two amount she was even required to pay by October 16, 2019, and unclear as to her validation rights in light of the October 16, 2019 payment deadline, she did what many consumers would do in the face of the contradictory language in Defendant's collection letter— took no action—allowing the validation period to lapse, even though she was unsure whether the amounts in the letter accounted for the $25 payment she had just made to Target Card Services, Inc.

80.     In essence, the net effect of Defendant's misleading and deceptive representations in the September 23, 2019 communication was to turn the validation notice into legal gibberish, and to discourage her from exercising validation rights assured her by statute.

81.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e;

C.  Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D.   Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E.   Enjoining Defendant from future violations of 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e with respect to Plaintiff and the class;

F.   Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G.   Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H.   Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: April 27, 2020

*/s/ James L. Davidson*
James L. Davidson
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

Ronald S. Weiss, Attorney & Counselor
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
Phone: 248-737-8000 Fax: 248-737-8003
Ron@RonWeissAttorney.com

Co-Counsel for Plaintiff and the proposed class