UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| DANA REEVES, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATENAUDE & FELIX, A.P.C.,<br><br>Defendant. | Civil Action No.: 5:20-cv-11034-JEL-DRG |

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT [18]

This Court has been advised that the parties to this action—Dana Reeves ("Plaintiff" or "Class Representative"), and Patenaude & Felix, A.P.C. ("Defendant")—have agreed, through their respective counsel, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement"), which has been filed with the Court. The Court hereby incorporates by reference the definitions and capitalized terms as set forth in the Agreement.

Accordingly, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on **March 25, 2021 at 2:00 p.m.,** after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be

entered in this Lawsuit:

    IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Defendant will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any Class Member resides.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons (a) to whom Patenaude & Felix, A.P.C. mailed an initial debt collection communication to a Michigan address not known to be returned as undeliverable, (b) in connection with the collection of a consumer debt, (c) between May 23, 2019 and April 27, 2020, (d) which included a due date for a minimum payment amount that was within 30 days of the date of the initial debt collection communication.

Defendant has identified a total of about 550 potential Class Members.

Pursuant to Fed. R. Civ. P. 23, the Court appoints Dana Reeves as the Class Representative. The Court also appoints James L. Davidson of Greenwald Davidson Radbil PLLC and Ronald S. Weiss as Class Counsel. *See, e.g.*, *Macy v. GC Servs. Lt'd P'ship*, No. 3:15-cv-819-DJH-CHL, 2020 WL 3053469, at *4 (W.D. Ky. May 28, 2020) (appointing Greenwald Davidson Radbil PLLC as Class Counsel); *Sheean v. Convergent Outsourcing, Inc.*, No. 18-11532, 2019 WL 6039921, at *2 (E.D. Mich. Nov. 14, 2019) (Steeh, J.) (same); *Donnelly v. EquityExperts.org, LLC*, No. 4:13-CV-10017-TGB, 2015 WL 249522, at *2 (E.D. Mich. Jan. 14, 2015) (Berg, J.) (same).

The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the statutory damages available to the Class Members, and the opinions of Class Counsel. *See N.Y. State Teachers' Ret. Sys. v. Gen. Motors Co.*, 315 F.R.D. 226, 239 (E.D. Mich. 2016) (Parker, J.).

A third-party administrator acceptable to the parties will administer the settlement and notification to Class Members. The Class Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. Defendant will pay all costs of notice and administration separate and apart from the Settlement Fund. Upon the recommendation of the parties, the Court appoints the following administrator: First Class, Inc.

The Court approves the form and substance of the postcard notice of the class action settlement, attached to the Agreement as Exhibit C, and the website notice attached to the Agreement as Exhibit D. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice.").

The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the Class Administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than December 11, 2020**. The Class Administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the Class Administrator currently uses to update addresses.

Any Class Member who desires to receive monies from the Settlement Fund must submit a claim form with a postmark date no later than 60 days after the Court's entry of this order, *i.e.*, **no later than January 19, 2021**.

Any Class Member who desires to be excluded from the Class must send a written request for exclusion to the Class Administrator with a postmark date no later than 60 days after the Court's entry of this order, *i.e.*, **no later than January 19, 2021**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded, and must be signed by the Class Member. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any Class Member who fails to submit a valid and timely request for exclusion will be bound by the terms of the Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Court's entry of this order, *i.e.*, **no later than January 19, 2021**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: James L. Davidson, Greenwald Davidson Radbil PLLC, 7601 N. Federal Hwy., Suite A-230, Boca Raton, FL 33487; and Counsel

4

for Defendant, Brian Melendez, Barnes & Thornburg LLP, Suite 2800, 225 South Sixth Street, Minneapolis, MN 55402-4662.

To be effective, a notice of intent to object to the Settlement must:

(a) Contain a heading which includes the name of the case and case number;

(b) Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

(c) Be filed with the Clerk of the Court no later than 60 days after entry of this order;

(d) Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member;

(e) Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 60 days after the entry of this order;

(f) Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Eastern District of Michigan;

(g) Contain a statement of the specific basis for each objection;

(h) Identify any documents which such objector desires the Court to consider, including all legal authorities the objector will present at the settlement approval hearing; and

(i) State whether the objector intends to appear at the settlement approval hearing on his or her own behalf or through counsel.

Any Class Member who has timely filed an objection and notified the Court of her or his intent to speak at the settlement approval hearing may appear at the settlement approval hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the

5

application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion.

If the Court grants final approval of the settlement, the Class Administrator will mail a settlement check to each Participating Class Member. Each Participating Class Member will receive a pro-rata portion of the $6,500 Settlement Fund.

The Court will conduct a hearing ("Final Fairness Hearing") **on March 25, 2021 at 2:00 p.m.** at the United States District Court for the Eastern District of Michigan, Federal Building 200 E. Liberty Street, Courtroom 100, Ann Arbor, MI 48104, to review and rule upon the following issues:

- A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

- B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

- C. Whether a Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

- D. To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel must be filed with the Court no later than 45 days after entry of this

order, *i.e.*, **no later than January 4, 2021**. Memoranda in support of the proposed settlement must be filed with the Court no later than 28 days before the Final Fairness Hearing, *i.e.*, **no later than February 25, 2021**. Opposition briefs to any of the foregoing must be filed no later than 14 days before the Final Fairness Hearing, *i.e.*, **no later than March 11, 2021**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days before the Final Fairness Hearing, *i.e.*, **no later than March 18, 2021**.

This Order will be null and void if either of the Parties terminates the Agreement for any of the following reasons:

A. Any specified material condition to the settlement set forth in the Agreement is not satisfied, and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

C. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

The events described above, however, provide grounds for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so.

If the Agreement and/or this Order are voided, then the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and

enforcement of the Agreement.

The Court sets the following schedule:

| **Date** | **Event** |
|---|---|
| 11/20/2020 | Preliminary Approval Order Entered |
| 12/11/2020 | Notice Sent (21 days after entry of Preliminary Approval Order) |
| 1/4/2021 | Deadline to file Attorneys' Fees Petition (45 days after entry of Preliminary Approval Order) |
| 1/19/2021 | Deadline to Submit Claim, Send Exclusion or File Objection (60 days after entry of Preliminary Approval Order) |
| 3/11/2021 | Opposition to Motion for Final Approval and Attorneys' Fees Petition Due (14 days before Final Fairness Hearing) |
| 3/18/2021 | Reply in support of Motion for Final Approval and Attorneys' Fees Petition Due (7 days before Final Fairness Hearing) |
| 3/25/2021 at 2:00 p.m. | Final Fairness Hearing Held |

IT IS SO ORDERED.

Dated: November 20, 2020  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2020.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager