UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dana Reeves,

                Plaintiff,      Case No. 20-11034

v.                                Judith E. Levy
                                 United States District Judge
Patenaude & Felix, A.P.C.,     David R. Grand
                                 Magistrate Judge
                Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES [22]**

This case is before the Court on Plaintiff Dana Reeves' unopposed motion for approval of an award of attorney fees for Class Counsel, Greenwald Davidson Radbil PLLC (GDR). (ECF No. 22.) The motion comes as a result of the parties settling this lawsuit brought pursuant to the Fair Debt Collection Practices Act (FDCPA). For the following reasons, the Court GRANTS Plaintiff's unopposed motion and awards Class Counsel the requested $36,000 in fees, costs, and expenses.

## I. ANALYSIS

The FDCPA mandates an award of "reasonable attorney's fees" to a successful consumer plaintiff. 15 U.S.C. § 1692k(a)(3). A reasonable fee is "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). Traditionally, courts in the Sixth Circuit apply the "lodestar" method when calculating appropriate attorney fee awards in FDCPA cases. *See Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x 442, 446 (6th Cir. 2009). This method requires "calculating the product of a reasonable hourly rate and the number of hours reasonably expended on the litigation." *Id.* (approving the district court's method of "multiplying [the hourly rate] times [the number of expended] billable hours," though noting that the preferred method is determining "the prevailing market rate in the relevant community . . . defined as that rate which lawyers of comparable skill and experience can reasonably expect to command") (internal citations omitted).

Once the Court determines the "lodestar" amount, it may then choose to "adjust the lodestar to reflect relevant considerations peculiar

to the subject litigation." *Adcock-Ladd*, 227 F.3d at 349. Relevant considerations for adjustment include, but are not limited to:

> 1) The time and labor involved;
> 2) The novelty and difficulty of the questions involved;
> 3) The skill requisite to perform the legal service properly;
> 4) The preclusion of other employment by the attorney due to acceptance of the case;
> 5) The customary fee;
> 6) Whether the fee is fixed or contingent;
> 7) Time limitations imposed by the client or circumstances;
> 8) The amount involved and the results obtained;
> 9) The experience, reputation, and ability of the attorneys;
> 10)  The undesirability of the case;
> 11)  The nature and length of the professional relationship with the client; and
> 12)  Awards in similar cases.

*Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002).

In this case, Plaintiff's unopposed motion requests an attorney fee award of $36,000, which Class Counsel calculated by determining a lodestar amount of $29,130[1] and adding the remainder in fees, expenses, and costs otherwise justified by the complexity, sophistication, and results obtained in this case. (ECF No. 22.) The Court has reviewed Class

---

[1] Plaintiff's motion actually requests a slightly smaller lodestar amount of $29,095, but as set forth below, this number is incorrect according to the Court's calculations.

Counsel's submissions and, for the reasons set forth below, concludes that the requested $36,000 is a "reasonable attorney[] fee" within the meaning of 15 U.S.C. § 1692k(a)(3).

Lodestar Amount

Plaintiff argues that her counsel had, at the time of the attorney fee motion filing, earned the "lodestar" amount of $29,095, which Plaintiff calculated by multiplying Class Counsel's alleged 65.7 hours of work on this case by the billing rates of $450 and $400 per hour. (*Id.* at PageID.207.)

As to the billing amount, Class Counsel notes that GDR partner James L. Davidson bills at a rate of $450 per hour and GDR junior partner Jesse S. Johnson bills at a rate of $400 per hour. (*Id.* at PageID.225.) After reviewing counsel's records, the Court determines that these requested billing amounts are reasonable. As set forth in the most recent edition of the United States Consumer Law Attorney Survey Report, a rate of $400 to $450 is near the median rate of $400 for attorneys handling class actions in Detroit. *See* United States Consumer Law Attorney Fee Survey Report, 2017-2018, p. 328 https://burdgelaw.com/wp-content/uploads/2019/10/US-Consumer-Law-

Attorney-Fee-Survey-Report-2017-2018.pdf (last accessed Feb. 3, 2021). The Sixth Circuit has additionally approved class action fee schedules within this range. *See, e.g.*, *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 Fed. App'x 496, 499 (6th Cir. 2011) (finding that the district court did not abuse its discretion in approving fee schedule rates ranging from $250 to $450 per hour).

As to the hours expended, Plaintiff attaches a declaration signed by Mr. Davidson attesting that Class Counsel has expended a total of 65.7 hours on Plaintiff's case, including: researching and preparing the class action complaint; preparing Plaintiff's initial disclosures; preparing a Rule 26 Report, appearing for the Rule 16 conference; propounding requests for production and interrogatories directed to Defendant; negotiating the settlement, which involved drafting the settlement terms, class notices, and proposed approvals; preparing the preliminary approval papers; coordinating with the settlement advisor; conferencing with Plaintiff; and preparing the instant fee petition.[2] (CF No. 22-1,

---

[2] Class Counsel additionally estimate that they will expend anywhere from 20 to 30 hours finalizing the matter in the future, with upcoming duties to include: preparing the final approval motion; preparing for and attending the final fairness hearing in Ann Arbor; communicating with class members; and conferring with the settlement administrator and defense counsel. (ECF No. 22, PageID.207.) Class

PageID.225.) Specifically, Mr. Davidson attests that he spent 57 hours working on the case, that Mr. Johnson spent 8.7 hours working on the case, and that their combined efforts and rates (($450 x 57 hours) + ($400 x 8.7 hours) = $25,650 + $3,480) amount to $29,095. (*Id.*) By the Court's calculations, the correct result is actually slightly higher, at $29,130. Multiplication error aside, the Court has reviewed the declaration supporting this calculation and finds it accurately supports a $29,130 lodestar.

Accordingly, the Court concludes that the proper lodestar amount is $29,130.

<u>Adjustments to the Lodestar Amount</u>

In addition to the lodestar fee amount, Plaintiff also submits that Class Counsel has incurred $486.20 in litigation costs and expenses to date, which include the complaint filing fee, service fees, and PACER charges. (ECF No. 22, PageID.211.) Plaintiff also notes that Class Counsel will incur an additional estimated $1,100 in litigation fees

---

Counsel argue that, including this anticipated work, their total final lodestar will be "between $38,095 and $42,595 . . . [, which] is likely to exceed the total fees and expenses sought herein, further underscoring the reasonableness of the requested award." (*Id.*)

should the Court require them to attend a fairness hearing in person. (*Id.*) The Court has reviewed the affidavit attesting to these amounts and concludes that the amounts sought are reasonable, in addition to being the types of expenses routinely charged to paying clients in the marketplace. *See* Fed. R. Civ. P. 23(h).

Plaintiff additionally argues that an upward adjustment to the lodestar amount is appropriate because: 1) the litigation in this case was particularly complex due to "disagreement among federal district courts about whether and when the inclusion of certain minimum payment due language in a collection letter overshadows the validation notice"; 2) Class Counsel have been recognized by multiple judges in class action cases as particularly skillful and experienced, and they brought this skill and experience to bear in this underlying complex case; 3) Class Counsel assumed substantial risk to pursue the litigation in this case on a contingent fee basis and focused a sizable portion of their resources on obtaining the favorable result reached; 4) the final results favor an upward fee departure because Class Counsel obtained two major forms of relief which would have been uncertain even had Plaintiff prevailed at trial: a competitive recovery fund of between $59 and $232 per

participant, as well as a permanent change to Defendant's form initial debt collection letters; 5) the $36,000 fee comports with customary fee awards in similar recent FDCPA class actions; and 6) as of Plaintiff's attorney fee motion, not a single class member objected to Class Counsel's fee and expense request. (ECF No. 22, PageID.211–218.)

These factors support the moderate upward adjustment to $36,000 under the *Flagstar Bank* analysis.[3] 297 F.3d at 435. Additionally, the difference between the requested amount of $36,000 and the lodestar amount of $29,130 is $6,870, meaning that the $36,000 award represents a 23.6% increase from the lodestar fee. Given Class Counsel's outstanding work on this case and favorable result for the class, as well as their reasonable anticipation of a future 20 to 30 hours of work—which would more properly adjust the lodestar upward to somewhere between $38,095 and $42,595—the Court finds that a $36,000 award is a "reasonable attorney[] fee" within the meaning of 15 U.S.C. § 1692k(a)(3). Accordingly, Plaintiff's unopposed motion for attorney fees is GRANTED.

IT IS SO ORDERED.

Dated: February 5, 2021                     s/Judith E. Levy

---

[3] The Court also notes that Defendant does not oppose Class Counsel's fee and expense request.

Ann Arbor, Michigan                     JUDITH E. LEVY
                                   United States District Judge

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2021.

                                   s/William Barkholz
                                   WILLIAM BARKHOLZ
                                   Case Manager